# MINUTES

| | |
|---|---|
| CASE NUMBER: | CR 02-00540SOM |
| CASE NAME: | USA vs. Ted S. Esteban |
| ATTYS FOR PLA: | Marshall H. Silverberg |
| ATTYS FOR DEFT: | Peter C. Wolff, Jr. |
| | Tony Barry USPTS/Carter Lee (USPO) |

| | | | |
|---|---|---|---|
| JUDGE: | Susan Oki Mollway | REPORTER: | Debi Read |
| DATE: | 07/08/2016 | TIME: | 2:30 - 3:25 |

COURT ACTION:  EP: Defendant-Petitioner's Motion for Release on Bail [40] -

Defendant Ted W. Esteban not present, and his presence is waived for purposes of this hearing.

Discussion held re: the authority to order release on bail while § 2255 motion is pending.

The Court has reviewed orders filed by other Judges in this district regarding the Court's authority to release § 2255 petitioners on bail before ruling on the merits of the petition. The Court agrees with the orders finding such authority and adopts the reasoning of those orders.  The Court also rules that release may only be ordered if the Court finds exceptional circumstances as well as a likelihood that the defendant seeking bail will prevail on the merits of the § 2255 motion.

The Court finds exceptional circumstances here because Esteban has completed serving the sentences for Counts 1 to 7, is now only serving the sentence for Count 9 (which is consecutive to the sentences for Counts 1 to 7), and is challenging his conviction on Count 9 under Johnson.  He will be overincarcerated if his Count 9 conviction is invalidated, given the lack of any possibility that his already-completed sentences for Counts 1 to 7 could be lengthened.

Before addressing likelihood of success on the merits, the Court rejects two arguments made by the Government.  First, the Court rejects the Government's argument that Esteban's motion is barred by the waiver in his plea agreement limiting his right to bring a collateral challenge. The Court notes that Esteban's plea agreement limited that right only with respect to challenging his sentence, not his conviction.  Esteban here challenges his conviction.  The Court cites United States v. Spear, 753 F.3d 964 (9th Cir. 2013), as well

as the position taken by the Government in connection with an unrelated coram nobis petition filed by Patrick Shin.  The Government concedes that the plea agreement does not bar Esteban's motion.

Second, the Court rejects the argument that the § 2255 motion is untimely  The motion was filed within one year from when Johnson was decided.  Although the Government argues that Esteban is really asking the Court to apply Descamps, which was decided more than a year before Esteban filed his motion, the Court concludes, over the Government's objection, that it is Johnson that gives rise to the motion.

Arguments on likelihood of success on merits.

Referring to United States v, Selfa, 918 F.2d 749 (9th Cir. 1990), United States v. Howard, 2016 WL 3470070 (9th Cir. June 24, 2016), and numerous other decisions, the Court concludes that Esteban does not show a likelihood of success on the merits.  The Court notes that it is bound by Ninth Circuit law on the issue of whether Hobbs Act robberies constitute crimes of violence under the "force" clause of § 924(c), and that if Esteban seeks a ruling stating that prior Ninth Circuit decisions are no longer good law, he should seek en banc review by the Ninth Circuit or Supreme Court review.

Defendant-Petitioner's Motion for Release on Bail [40] - Denied.  The defendant has not shown a likelihood of success on the merits of his § 2255 motion.

These minutes will stand as the written order.

Submitted by: Toni Fujinaga, Courtroom Manager.